# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **RAYMOND BELL**, | ) **Case No. LA CV 19-03153-VBF-JPR** |
| | ) ORDER |
| Petitioner, | ) |
| | ) Adopting the R & R in Part; |
| v. | ) Granting in Part Doc 12 (Mot. to Dismiss) |
| | ) Denying Doc 2 (Mot. to Red. Sentence) |
| FELIPE MARTINEZ JR., | ) **Denying the Petition for Lack of Merit;** |
| | ) Directing the Entry of Separate Judgment; |
| Respondent. | ) Dismissing the Action With Prejudice; |
| | ) **Terminating the Case (JS-6)** |

Under 28 U.S.C. § 636, the Court has reviewed the habeas corpus petition, the records on file, the Report and Recommendation ("R&R"), and the applicable law. Neither party objected to the R&R or sought an extension of the objection deadline.

The R&R recommends that the Court decline to dismiss the petition for failure to exhaust prison remedies (Doc 14 at 4-5). The Court agrees that the exhaustion requirement should be waived due to futility and will adopt the R&R to that extent.

The Magistrate Judge further recommends that this Court dismiss the habeas petition without prejudice on the ground that petitioner's habeas claims are not constitutionally and prudentially ripe for court adjudication, *see* Doc 14 at 6-10. Subsequently issued Ninth Circuit precedent prevents the Court from adopting this

portion of the R&R. In July 2019, just weeks after the R&R issued, the Circuit issued *Bottinelli v. Salazar,* 929 F.3d 1196 (9th Cir. 2019) (affirming the denial of federal prisoners' section 2241 habeas petition contending that this amendment to the goodtime-credit provision required BOP to re-calculate their sentences immediately).

In the wake of *Bottinelli*, a Ninth Circuit district court confronted with this claim regarding the effective date of this First Step Act amendment

> need not independently analyze this question of statutory interpretation, because the Ninth Circuit settled the matter . . . . In *Bottinelli*, the Court of Appeals denied the joint petition of eight federal inmates, and held that the First Step Act's 'goodtime fix' is not immediately effective but is subject to the effective-date provision. The Court of Appeals rejected the petitioner's arguments based on the language and structure of the statute, [929 F.3d at 1198-1201], and those based on constitutional considerations, [929 F.3d at 1201-02]. The opinion thus forecloses all the arguments the petitioner makes here.
>
> * * *
>
> Pursuant to the Ninth Circuit's ruling in *Bottinelli*, the undersigned must reject the petitioner's claim that he has been wrongly denied the immediate benefit of the First Step Act's amendment to the method for calculating goodtime credit. That amendment does not become effective until the establishment of the required "risks and needs assessment system" by the Attorney General. *Bottinelli*, [929 F.3d at 1202].
>
> Accordingly, no rights of petitioner's have been violated and the petition must be dismissed [denied for lack of merit].

*US v. Pratt*, 2019 WL 3229617 (E.D. Cal. July 18, 2019) (Claire, M.J.), *R&R adopted*, 2019 WL 3769079 (E.D. Cal. Aug. 9, 2019) (Shubb, J.); *see also US v. Turnquist*, 773 F. App'x 413 (9th Cir. 2019) (following *Bottinelli* to affirm denial of section 2241 claims predicated on amendment to FSA's goodtime credit provision).[1]

---

[1] (continued...)

**A federal court lacks subject-matter jurisdiction over claims that are not yet ripe, and "it would be improper for the court to take any action on the unripe claims",** *Harbor Lands LP v. City of Blaine, Washington*, 2008 WL 5130049, *4 (W.D. Wash. Dec. 5, 2008) (Richard Jones, J.),[2] **yet the Ninth Circuit had no problem adjudicating this same habeas claim on the merits in *Bottinelli v. Salazar*, 929 F.3d 1196 (9th Cir. 2019)** (i.e., the claim that the BOP violates a federal prisoner's Equal Protection and Due Process rights by refusing to apply the goodtime-credit amendment on its enactment date rather than the later date when the US Attorney General issues assessment guidelines or was due to issue such guidelines).

**Accordingly, the *Bottinelli* panel necessarily implicitly determined that the claim was ripe, because otherwise the panel could not have decided the merits.** *See Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp.3d 1113, 1123 (D. Colo. 2015) ("Although the . . . Circuit's opinion did not state that Count 3 constituted an actual case or controversy, the . . . Circuit decided Count 3 on the merits. It could not have reached the merits without first assuring itself of its own jurisdiction. Thus, *because the . . . Circuit reached the merits of Count 3, it implicitly decided that Count 3 was ripe for judicial resolution*.") (citing *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005)) (emphasis added), *aff'd*, 840 F.3d

---

[1](...continued)
*See also Soundingsides v. Jacques*, 2019 WL 3428747, *2 (W.D. Wash. July 30, 2019) (John Coughenour, J.) ("In *Bottinelli v. Salazar*, the Ninth Circuit definitively addressed the issue of when section 102(b)(1) applies. * * * Therefore, the Court finds that § 102(b)(1) of the FSA takes effect on July 19, 2019, not December 21, 2018."); *Turner v. Jacques*, 2019 WL 3428762 (W.D. Wash. July 30, 2019) (same); *Corbett v. Jacquez*, 2019 WL 3412745, *1 (W.D. Wash. July 29, 2019) (Zilly, J.) ("Because the Court of Appeals has fixed the effective date of the First Step Act's revisions to goodtime credit calculations, the Court must adhere to that effective date and dismiss Petitioner's claims."); *Lindamood v. Jacquez*, 2019 WL 3412893 (W.D. Wash. July 29, 2019) (same).

[2]
*Accord Southern Utah Wilderness Alliance v. Sierra*, 2008 WL 3925216, *4 (D. Utah Aug. 20, 2008) ("Plaintiffs' claims must be ripe for this court to assert subject[-]matter jurisdiction", and "this court cannot proceed to the merits of Plaintiffs' claims if it lacks jurisdiction") (citing *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191 (2007)).

1239 (10th Cir. 2016). The Court discerns no basis on which to distinguish the *Bottinelli* case legally or factually from our case so as to render it inapplicable here, so *Bottinelli* is precedentially binding.

This means that the Court cannot adopt the R&R's conclusion that this FSA good-time amendment claim is not ripe. Instead of dismissing this habeas claim merely without prejudice due to unripeness, *Bottinelli* requires the Court to deny the claim for lack of merit and thus dismiss the action *with* prejudice.

## ORDER

**The Report and Recommendation [Doc #14] is ADOPTED in part:**

The Court adopts the portion of the R&R which holds that this habeas claim is not subject to dismissal for failure to exhaust prison remedies (Doc 14 at 4-5).

The Court declines to adopt the portion of the R&R which suggested that this habeas claim is subject to dismissal because the claim is not ripe (Doc14 at 6-10) and the remainder of the R&R (Doc 14 at 10-12).

T**he habeas corpus petition [Doc #1] is DENIED for lack of merit.**

Petitioner's motion to reduce sentence **[Doc #2] is DENIED**.

**Respondent's motion to dismiss the petition [Doc #10] is GRANTED in part and DENIED in part.** Judgment will be entered consistent with this Order.[3]

This action is **DISMISSED** with prejudice & terminated (JS-6).

IT IS SO ORDERED.

Dated: August 27, 2019

_____
The Hon. Valerie Baker Fairbank
Senior United States District Judge

---

[3] Petitioners seeking habeas relief pursuant to 28 U.S.C. § 2241 do not need a COA in order to appeal the denial or dismissal of their claims. *See Khan v. Langford*, 2018 WL 1271204, *2 n.1 (C.D. Cal. Mar. 8, 2018) (relying on *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008)).